IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE LOWELL SATTERFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1262 |
| ) | |
| CONSOL PENNSYLVANIA COAL ) | |
| COMPANY, BAILEY MINE, ) | |
| (CONSOL ENERGY, INC.) ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

**CONTI, District Judge.**

*I.      Introduction*

Plaintiff Jesse Lowell Satterfield ("plaintiff") filed this civil action on September 21, 2006, against defendant Consol Pennsylvania Coal Company, Bailey Mine, (Consol Energy, Inc.) ("defendant") alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") .  (Doc. No. 1).  The court has jurisdiction in this case pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 29 U.S.C. § 626(b)-(c).

Pending before the court is a motion to dismiss filed by defendant pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 2).  Defendant seeks to dismiss plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted.  Because plaintiff has pled specific facts which show that he cannot state a claim upon which relief can be granted, the court will grant defendant's motion to dismiss.

## II.     *Facts Accepted as True for the Purpose of Deciding the Motion*

Plaintiff is a resident of Morgantown, West Virginia.  (Doc. No. 1 at 1, ¶ 1).  Defendant is a private Delaware corporation registered to do business in the Commonwealth of Pennsylvania.  (*Id.* at 2,  ¶ 3).  Plaintiff is apparently employed by defendant.  Plaintiff's immediate foreman is Bruce C. Armstrong ("Armstrong"), who is Bailey Mine's portal foreman for the shift immediately preceding the shift worked by portal foreman Arnold Wilson ("Wilson").  (*Id.* at 4, ¶ 15).  Plaintiff has never worked for Wilson, and Wilson has never been plaintiff's immediate foreman.  (*Id.*).

On November 29, 2005, Wilson "verbally abused and singled out" plaintiff.  (*Id.* at 3, ¶ 9).  Prior to beginning his shift, Wilson went underground and tried to provoke a physical confrontation with Armstrong.  (*Id.* ¶ 10).  He invited Armstrong into a fist fight.  (*Id.*).  Wilson then pointed to plaintiff and yelled, "What did you do all night?"  (*Id.* at 4, ¶ 11).  Wilson started to argue with Armstrong again.  (*Id.* ¶ 12).  Plaintiff asked Wilson why he had been singled out for chastisement.  (*Id.* ¶ 13).  Wilson responded by trying to provoke Armstrong and plaintiff.  (*Id.* ¶ 14).  During this altercation, Wilson told plaintiff that he was not "Smithy" (who had once been plaintiff's immediate foreman), and that he was not afraid of being sued by plaintiff.  (*Id.*).  In so stating, Wilson made reference to plaintiff's suit against defendant in Civil Action No. 03-1312, which is currently pending before the court.  (*Id.*).  Wilson exclaimed, "Go ahead and sue me.  I will gladly go to court."  (*Id.*).  Thereafter, Wilson exited the work area "in a rage."  (*Id.*).

After the conclusion of his work shift, plaintiff traveled to the Crabapple Portal of the Bailey Mine and told shift foremen John Figurski ("Figurski") and Bob Strait ("Strait") that he wanted to file a formal complaint against Wilson.  (*Id.* ¶ 16).  Figurski told plaintiff that he would get

back to him after investigating the situation to determine what had happened.  (*Id.* ¶ 17).  Strait indicated that he would be speaking with Armstrong to find out more about the incident.  (*Id.* ¶ 18).  Nevertheless, neither Figurski nor Strait ever contacted plaintiff about the incident.  (*Id.* at 5, ¶ 19).  Moreover, plaintiff never heard from management regarding the procedure for filing an internal complaint against Wilson.  (*Id.*).  Although Wilson's conduct violated defendant's company policy, he was never punished for his conduct.  (*Id.* at 7, ¶ 27).

After exhausting his administrative remedies in accordance with 29 U.S.C. § 626(d), plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on June 24, 2006.  (*Id.* at 3, ¶¶ 6-7).  Pursuant to that letter, plaintiff commenced this action against defendant.

### III.   *Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits.  Rather, when considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  *Kost*, 1 F.3d at 183 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).  A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom, there is no reasonable reading upon which the plaintiff may be entitled to relief.  *Vallies v. Sky Bank*, 432 F.3d 493, 494

(3d Cir. 2006). Moreover, the court is under a duty to examine the complaint independently to determine if the factual allegations set forth could provide relief under any viable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

While this court is mindful that *pro se* plaintiffs are not held to as high a standard as litigants that are represented by counsel, a *pro se* plaintiff must still plead the essential elements of his or her claim and is not excused from conforming to the standard rules of civil procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel . . . ."); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, plaintiff, even though he is *pro se*, must set forth sufficient information that would allow the court to infer that, accepting plaintiff's allegations as true, defendant violated plaintiff's federal rights. *Kost*, 1 F.3d at 183.

The Federal Rules of Civil Procedure do not require the plaintiff to set out in his or her complaint the specific facts that entitle him or her to relief, but rather only a "short and plain statement of the claim." FED. R. CIV. P. 8(a)(2). "Bald assertions" or "legal conclusions," however, are not required to be credited in making the determination as to whether or not there is a set of facts on which to determine that a claim has been stated. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

Where the plaintiff's complaint pleads facts beyond the requirements of Rule 8, his claim may be subject to dismissal if the specific facts alleged fail to provide relief under any viable legal theory. *Camero v. Kostos*, 253 F.Supp. 331, 338 (D.N.J. 1966) (granting motion to dismiss where

the plaintiff's complaint pled facts demonstrating the defendant was subject to immunity). In addition, if the plaintiff's complaint does plead specific facts, those facts, taken as true for purposes of deciding the motion to dismiss, may create a defense to his claim. *Id.*; *see ALA, Inc. v. CCAir, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); 5 CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1226 (3d ed. 2004). In fact, where the plaintiff "chooses to plead particulars, and they show that he has no claim, then he is out of luck – he has pleaded himself out of court." *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir. 1996).

## IV.   Discussion

### A. Failure to state a claim – ADEA

### 1. General – ADEA

Plaintiff's complaint alleges that defendant's conduct constituted a violation of the ADEA. (Doc. No. 1 at 5-6, ¶¶ 21-23). Defendant apparently concedes that it is "a person[1] engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 29 U.S.C. § 630(b). The context of the complaint makes it clear that plaintiff is an "employee" of defendant within the meaning of 29 U.S.C. § 630(f). (Doc. No. 1 at 3-7, ¶¶ 9-27). The relevant substantive provisions of the ADEA provide:

**§ 623.   Prohibition of age discrimination.**

**(a) Employer practices.**   It shall be unlawful for an employer--

---

[1]The ADEA defines the word "person" as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." 29 U.S.C. § 630(a).

>    (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>    (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>    (3) to reduce the wage rate of any employee in order to comply with this Act.

29 U.S.C. § 623(a)(1)-(3). The language of section 631(a) makes it clear that the ADEA's prohibitions are "limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). Consequently, only those who have attained the age of 40 may invoke the protections of the ADEA. Moreover, the ADEA does not prohibit discrimination against younger individuals. In *General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 594-600 (2004), the United States Supreme Court concluded that the words "because of such individual's age," which appear in section 623(a)(1), essentially mean "because of such individual's [old or advanced] age." Unlike several other anti-discrimination statutes, which prohibit certain forms of trait-based discrimination in both directions, the ADEA only prohibits age discrimination in one direction (i.e., discrimination which favors the young and disfavors the old).

   2. *Prima facie case – ADEA*

Since this matter comes before the court on a motion to dismiss, there is no need for plaintiff to establish a *prima facie* case of age discrimination, or to tailor his pleadings to the specific elements typically required of an employment discrimination plaintiff to survive a motion for summary judgment. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508-15 (2002). Instead, the court's inquiry is limited to the question whether plaintiff's allegations relating to an alleged violation of the ADEA set forth a claim upon which relief may be granted. No allegation

is made that plaintiff was discharged, or that defendant failed or refused to hire him. Therefore, the court must decide whether the complaint can fairly be construed to allege that defendant "otherwise discriminate[d] against [plaintiff] with respect to his compensation, terms, conditions, or privileges of employment, because of [his] age[.]" 29 U.S.C. § 623(a)(1). Alternatively, the court must decide whether the complaint contains allegations sufficient for the court to construe that defendant "limit[ed], segregate[d], or classif[ied plaintiff] in any way which would deprive or tend to deprive [him] . . . of employment opportunities or otherwise adversely affect his status as an employee, because of [his] age[.]" 29 U.S.C. § 623(a)(2). In either circumstance, plaintiff must allege some form of an "adverse employment action."

Plaintiff simply alleges that he was subjected to an unwarranted oral reprimand and that the individual responsible for that reprimand was never punished. (Doc. No. 1 at 3-7, ¶¶ 9-27). "'Unsubstantiated oral reprimands' and 'unnecessary derogatory comments' are not serious and tangible enough to constitute adverse employment actions." *Carver v. City of Trenton*, 420 F.3d 243, 255 (3d Cir. 2005) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1301 (3d Cir. 1997)). An "adverse employment action" is one which is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Robinson*, 120 F.3d at 1300. Plaintiff makes no allegation that his "compensation, terms, conditions, or privileges of employment" were altered by Wilson's alleged misconduct, or by defendant's failure to punish Wilson. Wilson's argumentative comments to plaintiff did not constitute an adverse employment action. *O'Neal v. Brownlee*, No. 03-5535, 2004 WL 2827052, at *5 (E.D.Pa. Dec. 9, 2004). There is nothing in the complaint from which the court could infer that

plaintiff was classified in a way which *deprived or tended to deprive him of employment opportunities*, or which *adversely affected his status as an employee*. *See* 29 U.S.C. § 623(a)(2).

Even if plaintiff had alleged some form of an adverse employment action, there is nothing in the complaint which suggests that he was chastised *because of his age*. In order to allege a violation of the ADEA, plaintiff must allege that some action was taken against him because of his age. Even if the court were to assume *arguendo* that Wilson's verbal reprimand (and defendant's failure to punish Wilson for that reprimand) somehow constituted an adverse employment action, there is no indication in the complaint that this verbal exchange was in any way motivated by plaintiff's age. It is not sufficient for plaintiff to allege that defendant discriminated against him for some reason other than his age. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610-14 (1993). The only reference to plaintiff's age in the complaint is a "bald assertion" that he was not given opportunities which were given to younger workers. (Doc. No. 1 at ¶ 20). The court need not credit such an unsupported assertion. *Morse*, 132 F.3d at 906. It is not even clear whether plaintiff is alleging that Wilson yelled at him because of his age, or whether his statement about age discrimination is intended to be a more generalized complaint about defendant's treatment of older workers. No facts are alleged from which this court could infer that plaintiff's age was implicated. An ADEA claim cannot proceed on such an unsupported basis. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000)(explaining that a plaintiff alleging disparate treatment under the ADEA must establish that age "actually played a role" in the defendant's decisionmaking process and had a "determinative influence on the outcome").

### 3. *Hostile work environment – ADEA*

Some of the language in the complaint indicates that plaintiff wishes to proceed on a "hostile work environment" theory. (Doc. No. 1 at 5-7, ¶¶ 22-25). Assuming *arguendo* that a plaintiff in an ADEA case can proceed in accordance with a "hostile work environment" theory. *Tumolo v. Triangle Pacific Corp.*, 46 F.Supp.2d 410, 412 n.2 (E.D.Pa. 1999), the court will need to determine whether the complaint meets the requirements of Rule 8 with respect to that claim. In order to recover on this claim plaintiff must prove that defendant violated plaintiff's rights under the ADEA and show that: (1) he was intentionally discriminated against because of his age; (2) the discrimination was either severe or pervasive; (3) the discrimination had a detrimental effect on plaintiff; (4) a reasonable person under the circumstances would have been detrimentally affected by the discrimination; and (5) a basis for employer liability is present (i.e., *respondeat superior*). *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006). The complaint here sets forth allegations which show that he cannot satisfy the second element (i.e., that the alleged discrimination was either *severe* or *pervasive*). Isolated incidents amount to a discriminatory change in the terms and conditions of one's employment only when they are "extremely serious." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). No reasonable finder of fact could conclude that the verbal exchange described in the complaint was an "extremely serious" incident. Moreover, plaintiff does not allege that the discrimination (i.e., his verbal chastisement by someone who apparently had no supervisory authority over him) was pervasive. Instead, he alleges a single incident. (Doc. No. 1 at 3-5, ¶¶ 9-20). The allegations in the complaint taken as true, are insufficient as a matter of law to support a claim of discrimination under the ADEA.

Even if everything alleged by plaintiff is true, which the court assumes for purposes of the instant motion to dismiss, the facts alleged by plaintiff show that no reasonable finder of fact could conclude that a violation of the ADEA occurred. Like other federal employment discrimination statutes, the ADEA is not "a general civility code" designed to alter fundamentally basic human interactions in the workplace. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998). The ADEA is violated only "'[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment . . . .'" *Id.* at 78 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The single incident alleged by plaintiff plainly fails to satisfy this standard, and the court is unable to infer that there are other facts which exist which would entitle plaintiff to relief. The court also is unable to infer that any facts exist which would show that the terms of his employment were altered by that incident.

### 4. *Retaliation – ADEA*

Plaintiff also appears to allege that defendant retaliated against him for commencing Civil Action No. 03-1312, which is currently pending before the court. (Doc. No. 1 at 2, ¶ 5). He apparently believes that defendant would have taken disciplinary action against Wilson under ordinary circumstances, but that defendant did not do so in this instance because of retaliatory animus related to plaintiff's prior lawsuit. (*Id.* at 6-7, ¶¶ 25-27). The ADEA's anti-retaliation provision provides:

> **(d) Opposition to unlawful practices; participation in investigations, proceedings or litigation.** It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because

> such individual, member or applicant for membership has opposed any practice
> made unlawful by this section, or because such individual, member or applicant
> for membership has made a charge, testified, assisted, or participated in any
> manner in an investigation, proceeding, or litigation under this Act.

29 U.S.C. § 623(d). The court notes that this provision is not materially different from the anti-retaliation provision contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), which was recently construed by the United States Supreme Court in *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006).[2] Therefore, the court will apply the Supreme Court's analysis in *Burlington Northern* to plaintiff's retaliation claim under the ADEA. *See Johnson v. The McGraw-Hill Companies*, 451 F.Supp.2d 681, 710 (W.D.Pa. 2006).

In *Burlington Northern*, the Supreme Court construed the words "discriminate against," as they appear in Title VII's anti-retaliation provision, to prohibit more than just retaliatory adverse employment actions that "are related to employment or occur at the work place." *Burlington Northern*, 126 S.Ct. at 2409. Plaintiff's failure to allege such an adverse employment action is, therefore, not fatal to his retaliation claim under the ADEA. Nonetheless, to recover under a claim of retaliation, plaintiff must show there was an action a reasonable employee would find to be *materially* adverse. *Id.* at 2415. An action is materially adverse if it might

---

[2]Title VII's anti-retaliation provision provides: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title [42 U.S.C. §§ 2000e-2000e17], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 U.S.C. §§ 2000e-2000e-17]." 42 U.S.C. § 2000e-3(a).

dissuade a *reasonable* employee from pursuing a charge of discrimination. *Id.* The standard is objective, making a particular plaintiff's "unusual subjective feelings" irrelevant. *Id.*

The allegations contained in plaintiff's complaint show that he cannot meet the materially adverse standard. Accepting his allegations as true no reasonable finder of fact could conclude that a *reasonable* employee would be dissuaded from pursuing a charge of discrimination merely because another employee (who is not a superior) makes a comment such as that which Wilson is alleged to have made and for which he was not disciplined. Indeed, plaintiff was not dissuaded from pursuing this case. As the Supreme Court explained in *Burlington Northern*, "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 2414. The standard requiring a showing of *material* adversity operates to separate *significant* harms from *trivial* harms. *Id.* The conduct alleged by plaintiff falls into the latter category and, thus even accepting the allegations as true, that conduct is not actionable under the ADEA's anti-retaliation provision. A determination to the contrary would transform the ADEA into "a general civility code for the American workplace." *Oncale*, 523 U.S. at 80. Because plaintiff's allegations show that there is no viable theory on which he can recover, the court must dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. *Defendant's request for attorneys' fees*

Defendant asserts that it is entitled to an award of counsel fees for the costs incurred in responding to plaintiff's complaint. (Doc. No. 3 at 8-10). Apparently defendant is asking for sanctions pursuant to Federal Rule of Civil Procedure 11. (*Id.* at 9). Relief under Rule 11, however, is not specifically requested in defendant's motion to dismiss. (Doc. No. 2 at 1-2). The

court notes that Rule 11(c)(1)(A) provides that a motion for sanctions "shall be made separately from other motions or requests . . . . " FED. R. CIV. P. 11(c)(1)(A).  To the extent that defendant believes that the court should award counsel fees on its own initiative, the court declines to do so. The primary purpose of Rule 11 is to deter sanctionable conduct, not to provide compensation to prevailing parties.  *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005).  While monetary sanctions are not forbidden by Rule 11, they are not encouraged.  *Id.*  Even where a violation of Rule 11 has occurred, the court has discretion to deny a request for monetary sanctions.  *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).  Since the court is not convinced that a monetary sanction of the kind requested by defendant is necessary to deter plaintiff (and others like him) from pursuing frivolous claims in the future, the court – even if a separate motion for sanctions had been filed – would deny defendant's request for counsel fees. FED. R. CIV. P. 11(c)(2)("A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.").

### C. Dismissal with prejudice

In his complaint, plaintiff pleaded specific allegations against defendant which show that no ADEA violation can be proven.  Consequently, it is apparent that any attempt by plaintiff to amend the complaint would be futile.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  For this reason, the complaint will be dismissed with prejudice.  Defendant's request for counsel fees will be denied.

V.   *Conclusion*

**AND NOW**, this 17 th day of September 2007, upon consideration of the factual assertions in the complaint and defendant's motion to dismiss, **IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**.

The clerk shall mark this case closed.


By the court:


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


cc:   Gordon W. Schmidt
      McGuire Woods
      625 Liberty Avenue
      23rd Floor, Dominion Tower
      Pittsburgh, PA 15222-3142

      Jesse Lowell Satterfield
      Post Office Box 8
      Wind Ridge, PA 15380-0008